# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

RANDY JAQUEZ,

    Plaintiff,

v.

R. JOHNSON, *et al*.,

    Defendants.

Case No. 2:07-cv-0459-LDG (PC)

**ORDER**

The plaintiff, Randy Jaquez, brought this 42 U.S.C. §1983 action against defendants, R. Johnson and S. Sader, alleging that they violated the Eighth Amendment's prohibition against cruel and unusual punishment. He asserts that this occurred when they classified him to a general population facility, rather than the Sensitive Needs Yard, shortly after his transfer to High Desert State Prison in May 2002. Jaquez further alleges that he was repeatedly stabbed on January 24, 2006. Jaquez concludes that the defendants are responsible for the injuries he sustained in this attack because they denied him safety while performing the 2002 classification hearing.

The defendants now move for summary judgment (#41) arguing, *inter alia*, that Jaquez failed to timely exhaust his administrative remedies and failed to bring this action

within the statute of limitations.  Jaquez opposes the motion (#50), and has filed additional papers in support of his opposition (## 46, 47, 48, 49).

Jaquez further moves to stay (#44) consideration of the motion for summary judgment pending resolution of his motion to compel (#38).  Jaquez has also moved to amend his complaint, seeking leave to add a request for compensatory damages (#37), and has moved for the Court to call a witness as its own (#45).

The record establishes that Jaquez filed his complaint more than four years after the accrual of his claim, which occurred in June 2002 when defendants classified him to a general population facility, rather than the Sensitive Needs Yard.  Accordingly, the claim is barred by the statute of limitations as a matter of law.  Jaquez's remaining motions are moot, as the granting of any of the motions will not alter the fact that Jaquez's claim accrued in June 2002, and Jaquez filed this action long after the limitations period expired in June 2006.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law.  Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim.  *Anderson,* 477 U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Analysis

Construed liberally, Jaquez alleges in his complaint that the defendants violated his Eighth Amendment rights by denying him personal safety while incarcerated. The Eighth

Amendment, which prohibits the infliction of cruel and unusual punishments on those convicted of crimes, applies to the States through the due process clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666 (1962). This prohibition applies not only to the sentence formally imposed, but also to conditions of confinement suffered during imprisonment. *Helling v. McKinney*, 509 U.S. 25 (1993); *Rhodes v. Chapman*, 452 U.S. 337 (1981). To the extent "conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. But prison conditions are infirm if they inflict wanton and unnecessary pain or if they are too severe for the crime being punished. *Id*. As such, the failure to provide inmates with adequate personal safety may violate the proscription against cruel and unusual punishment.

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Court recognized that an Eighth Amendment violation has an objective component–whether the deprivation was sufficiently serious–and held that it also included a subjective component: "did the officials act with a sufficiently culpable state of mind?" *Id*., at 298. To establish the objective component of an Eighth Amendment claim, a defendant's conduct must be "incompatible with 'the evolving standards of decency that mark the progress of a maturing society.'" *Estelle v. Gamble* , 429 U.S. 97, 102 (citation omitted). An institution satisfies the objective component of its Eighth Amendment obligations by providing adequate shelter, clothing, food, sanitation, medical care and personal safety. *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982).

When deciding the subjective component of a claim challenging a condition of confinement, the Court applies the deliberate indifference standard articulated in *Estelle*. *Wilson*, 501 U.S. at 303. Thus, in the context of personal safety, a prisoner can maintain a § 1983 claim under the Eighth Amendment against prison officials who act with deliberate indifference to threats of serious harm or injury by one inmate to another. *Berg v.*

4

*Kincheloe*, 794 F.2d 457 (9th Cir. 1986); *see also*, *Redman v. County of San Diego*, 942 F.2d 1435 (9th Cir. 1991).

The Supreme Court has adopted the test of "subjective recklessness as used in the criminal law" to determine if a prison official has acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994).  Under this subjective test, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*., at 837.

Because §1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  In California, the limitations period became two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1.  California's two-year statute of limitations may be tolled for a period of time, for a maximum of two years, during a prisoner's incarceration. *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999).

Liberally construed, Jaquez's complaint against the defendants alleges they acted with deliberate indifference to threats of serious harm or injury to him by other inmates. The allegation that he was subjected to a threat or risk of serious harm or injury addresses the objective component of an Eighth Amendment claim that the defendants failed to provide him with personal safety while incarcerated.  Jaquez's allegations that he informed the defendants of facts requiring his placement into the Sensitive Needs Yard, and his further allegations that the defendants did not even consider his file (which the Court assumes would have also demonstrated a need for placement in the Sensitive Needs Yard), address the subjective component of an Eighth Amendment claim that defendants failed to provide him with personal safety while incarcerated.  Jaquez's claim that the

defendants failed to provide him with personal safety is a claim regarding the conditions of his confinement; that is, such a claim accrues when the inmate is subjected to conditions of confinement that fail to provide the inmate with the requisite personal safety.

The undisputed evidence is that the conduct of which Jaquez complains (that is, the act which denied him personal safety) is the defendants' decision to classify him to a general population facility rather than to the Sensitive Needs Yard. That act occurred on June 4, 2002. Applying the two-year limitations period applies to this conduct,[1] and applying a maximum two-year tolling because Jaquez was incarcerated,[2] the limitations period for this claim expired by June 4, 2006. Jaquez did not file his complaint prior to June 4, 2006, but long after that date.

In his opposition to defendants' argument that the limitations period expired, Jaquez asserts that he is suing for actions that occurred on January 24, 2006, the day that he was stabbed by other inmates. The argument is without merit. As Jaquez concedes, "Defendants were subject to liability since June 4, 2002." While Jaquez argues that his injury for the defendants' conduct did not occur until January 2006, the argument ignores that Jaquez's complaint seeks to hold the defendants liable for incarcerating him under conditions that created an excessive risk to his safety. The injury for such a claim occurs

---

[1] At the time of the conduct in June 2002, California's limitations period for personal injury actions was one year. It appears, however, that the longer two-year limitations period would be applied retroactively to Jaquez's claim.

[2] Pursuant to §352.1(c) of California's Civil Procedure Code, the two-year tolling period does not apply to actions relating to the conditions of confinement, except that portion of such an action that seeks recovery of damages. In his initial complaint, Jaquez did not seek damages. He has, however, moved for leave to amend his complaint to recover compensatory damages. The Court has considered the question of the statute of limitations as if Jaquez had prayed for compensatory damages in his complaint. Thus, to the extent that Jaquez requested relief other than compensatory damages as a result of the conditions of his confinement subsequent to June 4, 2002, the limitations period for that relief expired June 4, 2004.

and accrues when the plaintiff inmate's conditions of confinement create an excessive risk to his safety, not when the risk is realized as the result of another inmate's attack on the plaintiff inmate.

In sum, the only conduct alleged by Jaquez against the defendants was their June 4, 2002, decision to place him into general population. To maintain his claim based on that conduct, Jaquez must establish that the defendants knew that placing him into general population would create an excessive risk to his safety as soon as he was placed into general population. Jaquez must further establish that the defendants disregarded that knowledge and placed him into general population, thus immediately subjecting him to an excessive risk to his safety. Jaquez cannot establish these facts without also establishing that his claim accrued on June 4, 2002. That Jaquez was actually attacked in January 2006 is irrelevant to whether he was placed into general population on June 4, 2002, despite an excessive risk to his safety that existed on June 4, 2002. Jaquez's claim accrued on June 4, 2002; the statute of limitations expired June 4, 2006; and Jaquez filed his claim long after June 4, 2006. Accordingly, Jaquez is barred by the statute of limitations from maintaining his Eighth Amendment claim against the defendants for their June 4, 2002, decision to place him into general population.

Jaquez has moved to compel the production of certain documents and to stay consideration of the motion for summary judgment pending resolution of that motion. The Court's decision herein rests upon the allegations of Jaquez's complaint and those undisputed facts establishing that the only conduct by defendants of which Jaquez complains occurred on June 4, 2002. The Court has assumed, solely for purposes of this decision, that Jaquez would have been able to offer evidence establishing that the defendants' conduct on that date violated the Eighth Amendment. Any information contained in the documents requested by Jaquez would not alter the Court's analysis and determination that the statute of limitations expired before he filed his complaint. As such,

the Court will deny Jaquez's motion to compel and his motion to stay consideration of the motion for summary judgment pending resolution of the motion to compel.

THEREFORE, for good cause shown,

THE COURT **ORDERS** that Defendants' Motion for Summary Judgment (#41) is GRANTED;

THE COURT FURTHER **ORDERS** that Plaintiff's Motion to Amend Complaint (#37), Motion to Compel (#38), Motion to Suspend Summary Judgment Hearing (#44), and Motion for Court to Call Witness as its Own (#45) are DENIED as moot.

DATED this ___ day of March, 2012.

Lloyd D. George
United States District Judge